VIRGINIA TIERNEY v. THE STATE.

No. 11857.  Delivered November 14, 1928.

The opinion states the case.

*S. H. Millwee* of Colorado, *Stinson, Hair, Brooks & Duke* of Abilene, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment confinement in the penitentiary for two years,

Appellant challenges the sufficiency of the evidence. It was the state's theory that appellant kept watch in order to prevent the interruption of Wright and Lackey while they were unlawfully transporting intoxicating liquor. The facts relied upon to support this theory were as follows: State's witnesses saw a truck occupied by two men driving along a road. A Chevrolet roadster occupied by a woman was ahead of the truck. The men who were riding in the truck went to the home of a state's witness and borrowed a wagon. The wagon was driven by these men, who were later shown to be Wright and Lackey, to a point where some alcohol was hidden. The truck was parked on a hill approximately a half a mile from the alcohol. The truck could be seen from the point where the alcohol was hidden. Officers had hidden near the point where the alcohol had been placed. When Wright and Lackey appeared and began to load the alcohol in the wagon the officers attempted to place them under arrest. Wright and Lackey fired on the officers and the officers returned the fire. Wright and Lackey were wounded. One of the officers went to the truck for the purpose of taking the wounded men to town. Appellant came from the truck toward the officer. When she saw the officer she exhibited a pistol and began running. She begged the officer not to shoot her. The officer shot over her head, ordering her to stop. She kept running and was lost to the view of the officer. Later, while an ambulance was moving the wounded men to town, appellant drove up to the ambulance in a Chevrolet roadster. She was granted permission to talk to the wounded men. Prior to the time that appellant had been seen at the truck by the officer, other state's witnesses had seen a woman in the truck and in its vicinity. Over the objection of appellant, one of the officers was permitted to testify that he had heard that appellant brought an officer from Colorado for the purpose of guarding the alcohol that Wright and Lackey were transporting.

As we understand the record, the foregoing brief statement embodies all of the criminative facts relied upon by the state for a conviction. Appellant was at no time placed in possession of the liquor. She was approximately one-half a mile from the scene of the commission of the offense. Not being present at the time the offense was committed, it was incumbent upon the state to prove that appellant was a party to a plot or agreement to commit the crime, and that, after she had agreed with those actually committing the offense that same should be committed, or that some enterprise should be embarked upon whose execution fairly included the com-

54

mission of such crime, she was doing something at the very time of the commission of the offense which was in furtherance of the common purpose. Barnett v. State, 2 S. W. (2d) 235. The state relied upon circumstantial evidence. The officer's testimony to the effect that he had heard that appellant had gotten an officer from Colorado to guard the alcohol, was hearsay. However, appellant's bill of exception shows that such testimony was admitted under conditions which preclude this court from revising the ruling of the trial court. Nevertheless, said hearsay statement is deemed to have but little probative force. Hence the state's case rests on the testimony that showed appellant's presence at the truck, her exhibition of a pistol when an officer approached, her flight, her action in talking to Wright and Lackey after they had been wounded and the fact that a woman who looked like appellant had been seen driving ahead of the truck operated by Wright and Lackey. Such circumstances render probable appellant's guilt, but are insufficient, in our opinion, to exclude to a moral certainty every other reasonable hypothesis except appellant's guilt.

Believing that the evidence is insufficient to sustain the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.