## A. H. MINNIX v. THE STATE.

### No. 14438. Delivered November 13, 1931.

*T. R. Mears,* of Gatesville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully transporting intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for one year and six months.

The witness Clemmons observed an automobile in the ditch. The appellant was in the car. Clemomns and one, Fino Jones, were traveling together in a car. They stopped and had a conversation with the appellant, which they did not relate, but Clemmons said he thought the appellant was intoxicated.

The witness McCarver testified that the appellant looked like he was intoxicated.

Hollingsworth, the sheriff, learned from Jones that the appellant's car

was in the ditch and went to investigate the matter. While there, he arrested the appellant. The witness said that he found the appellant with his car in the ditch. The car was in the sand. As the sheriff approached, the appellant "waved him down". From the witness we quote:

"I said he needn't wave me down, that I was going to stop anyway. He said there was a fellow come along and pushed him off in the ditch. * * * He had a little grip in the car, a little hand-satchel. I asked him where his whisky was, and he said he didn't have any. I looked and didn't find any in the car. Then I looked at the tracks outside the car and found some tracks. I tracked out a piece and got just about half a gallon fruit far of corn whisky. The tracks led from the car toward the whisky. * * * Well, where I found the whisky was 'kinda' up the road like. * * * It was a short distance. This whisky was just laid down there, in the weeds and grass. * * * We compared the tracks with his tracks and they looked to be the same. The ground was damp, and the road was muddy when you got off that sandy land. I could easily see the impression of the shoes or the foot. * * * I didn't measure the tracks. * * * It was sandy where the tracks were, they were easy to see—better than in mud."

The sheriff further testified that there was no whisky in the traveling bag; that when the whisky was found, the appellant said he knew nothing about it. The appellant was drunk.

The evidence is wholly circumstantial and was so treated by the court in his charge. The evidence of tracks is meagre and inconclusive. The exculpatory res gestae declarations of the appellant, proved by the state's witness, are not shown to be untrue. The evidence, as a whole, is not regarded such as would justify the conviction of the accused.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*