LEE GREGORY v. THE STATE.

No. 14797. Delivered January 27, 1932.

The opinion states the case.

*J. A. Johnson,* of Stephenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor, punishment being one year in the penitentiary.

Appellant challenges the sufficiency of the evidence. That is the only question presented. Our state's attorney very frankly expresses the opinion that the evidence falls short of that required by the law.

The offense is claimed to have occurred on January 7, 1931. Mr. Hutcheson, who lived on the Glen Rose road, was attracted by a noise which indicated that two cars had collided near his house. One was a

Ford touring car, the other a coupe. He said four men were in the Ford. The record is silent as to who was in the coupe or what became of it. Hutcheson testified that after trying to push the Ford up the hill the parties in it permitted it to roll down in front of witness' house; that two men left the car and went to the creek. We quote witness' testimony at this point: "I don't know what they took with them, they had an overcoat on, one of them did; and one had on a leather jacket; and they had something under their coat. I saw them put it under there, that is, each one of them. Two of them went to the creek, and the other two stayed there, and then they moved the car back, I guess, fifty yards further down below my place. Now, as to how these men walked away from there to the creek, how they held their coats, where their arms were, and what they had on, well, the man with the overcoat on, he just held his coat together, that was after I saw him put something under his coat; and the other one just had one arm against his coat. Then, the men who were at the car then pushed the car back, and one of the men threw a box over in my pasture there. It was a fruit jar box; it was one of these cartons or cases."

It appears from Hutcheson's testimony that each man apparently carried something from the car. It is clear that the two who remained pushed the car down the road some fifty yards, and one of them (witness did not undertake to say which one) threw an empty fruit jar carton over the fence. Witness Hutcheson did not undertake to say who any of the four parties were. When the sheriff and his deputy arrived on the scene the car was evidently at the point last mentioned by the witness Hutcheson. The only men then at the car were appellant and Brunner. The officer said they were intoxicated. The sheriff expressed his intention to search the car. One, or both of them (the evidence indicates it was Brunner) said, "By G—, you better have a search warrant if you (are) going to knock this car." Upon searching the car nothing was found in it. We copy the sheriff's testimony from this point: "I went to the creek and on the road down there, I met Poteet and Thompson. I found some man's tracks along there; and with reference to the car, the tracks, well, I went straight from the car to the creek almost and seen the tracks where they got over the fence, somebody's tracks; * * * Now, as to where these tracks that I mentioned were with reference to the automobile and the creek, they were between the automobile and the creek; and I picked up the tracks from the automobile, well, right across the road from the automobile, and I guess approximately it was twenty or thirty feet from it where I picked them up. I then followed these tracks on down to the bank of the creek, and I imagine it was about seventy-five yards from the car to the bank of the creek where I followed the tracks; and I followed the tracks right on kind of back up on the second bank of the creek; and from this first place on the bank that I have just told

about, I guess it was something like thirty yards, and I found a half gallon of whisky. This whisky was in a half gallon jar. I also found near there a fruit jar case, near the fence. It was a case that holds twelve jars, half gallon jars, it was under the fence like, just over the fence inside of the pasture there."

It is impossible to tell from his evidence whether the sheriff followed the tracks of one man or of two men. His testimony seems to exclude the idea that the tracks were made by the two men who left the car. The sheriff says he picked up the tracks he followed within twenty or thirty feet of the car. Hutcheson said the two men he referred to left the car fifty yards farther up the road towards his house. The first time we hear of Poteet and Thompson in this record is when the sheriff said he met them. No effort is made by the sheriff to describe their dress; nor in any other way are they identified as the two men Hutcheson saw leave the car. The sheriff does not appear to have "back tracked" Poteet and Thompson, but as we understand his testimony, he continued to follow the tracks he found near the car. Unless the whisky found by the officer was taken from the car and left where he found it the state's case fails entirely. In our opinion the evidence raises only a suspicion that such may have been the fact. This does not satisfy the law. No evidence is found in the record showing that appellant owned or was operating the car.

The facts in Minnix's case, 119 Texas Crim. Rep., 296, 43 S. W. (2d) 587, are stronger in our opinion than those found in the present record. They were held insufficient. See also Tierney v. State, 111 Texas Crim. Rep., 52, 10 S. W. (2d) 1001.

The judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*