## TOMMIE VANCE V. THE STATE.

No. 16130.   Delivered November 22, 1933.
Rehearing Denied January 17, 1934.
Reported in 67 S. W. (2d) 264.

The opinion states the case.

*James S. Kone,* of Sherman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

We find three bills of exception in the record, one complaining of the refusal of a peremptory instruction for acquittal; another similar in substance complaining of the refusal of a motion for new trial because the verdict was contrary to the weight of the testimony, and still another complaining of the refusal of a motion for new trial sought because of newly discovered evidence.  We have examined the evidence and think it sufficient to support the verdict.  The newly discovered evidence

of Mr. Little, if presented to the jury, would only have had the effect of impeaching the testimony of the principal state witness, it being set up that Little would testify that he had examined the place where said state witness testified she was and from which she said she observed appellant depositing a quantity of liquor in some weeds,—and that it would be impossible from said location where said state witness was, to have seen what she said she did see.

This court has uniformly declined to reverse cases upon the ground of erroneous refusals of new trials sought for newly discovered evidence which would be impeaching.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—Mrs. R. E. Hills testified that she saw a party deposit something in the grass and weeds. After the party left she examined the deposit and found it to be a half-gallon jar of whisky. Soon thereafter she saw a man looking for something at the place where the deposit was made. She observed the man and the manner in which he was dressed. She also made a mental note of the number of the car which he was driving. She delivered the whisky and reported the transaction to Mr. Porter, the constable. Upon his return she recognized the man as the same one who had made the deposit. She was not aware of his name but knew that he was the keeper of a grocery store nearby and identified him as the appellant. She identified the package which he had in his hand as the one which he had taken from the grass.

The witness Porter testified that he received from Mrs. Hills a package and also information with reference to a car number. The package delivered was a half-gallon jar full of whisky which he exhibited at the trial. He found the car near the appellant's place of business. Upon asking the appellant if it was his car, Porter received an affirmative answer.

The witness Monk testified in behalf of the appellant to the effect that on the day of the alleged transaction he was working on the car of the appellant between ten and eleven o'clock. The witness was cross-examined at great length.

The appellant's wife testified that the appellant was away from his place of business for only a short time on the occasion of the alleged offense.

In support of his contention that the evidence is insufficient to sustain the conviction, reference is made to the cases of

Gregory v. State, 45 S. W. (2d) 975, and Minnix v. State, 43 S. W. (2d) 587. On the facts, the cases mentioned are distinguishable from the present in that in them the identity of the accused as the person who had been seen in an automobile was not established. Of the same nature is the case of Tierney v. State, 111 Texas Crim. Rep., 52. The facts in the cases mentioned, while somewhat similar to those in the present instance, are distinguishable due to the evidence, which in this case is sufficient to identify the appellant as the person who deposited the whisky and who possessed the automobile.

It is thought that the court would not have been justified in instructing a verdict of acquittal under the evidence adduced upon the trial.

The newly discovered evidence of B. H. Little is to the effect that it was not possible from the position Mrs. Hills was in at the time of the transaction to have identified the appellant at the point where he placed the whisky. The bill of exception complaining of the matter is insufficient to show that the purported evidence of Little was newly discovered for the reason that Mrs. Hills, the prosecuting witness, was at the home of Little at the time of the alleged transaction. The failure to call Little as a witness to combat her testimony on the original trial is not sufficiently explained.

We are constrained to overrule the motion for rehearing, which is accordingly ordered.

*Overruled.*